Frank BUCKNER, Appellant,

v.

CITIZENS BANK & TRUST COMPANY, Appellee.

Court of Appeals of Kentucky.

Nov. 17, 1961.

524

William Mellor, Louisville, for appellant.

Millard Cox, Louisville, for appellee.

· WADDILL, Commissioner.

This controversy stems from the language used in paragraph 14(c) of the will of Mrs. Mary Buckner Nettelroth. The question to be resolved is whether the trustee under her will is required to pay for necessary repairs to a house which is a part of the trust estate.

Paragraph 14(c) reads:

" * * * should my brother, Frank Buckner, desire to live in my home on Blankenbaker Hill, he shall be given complete possession and shall have free use of said property and all of its contents, other than those heretofore disposed of by this will, and my trustee shall pay all taxes thereon and the cost of all insurance which should reasonably be provided on said property. If my brother should not desire to live in my said home, the house and grounds are to be sold, and out of the sale price the trustee, if my brother so wishes, shall apply not to exceed Thirty Thousand Dollars ($30,000.00) to the purchase of a home to be selected by him for his use during his life, taxes and insurance on which are to be paid by my trustee. Any such home so purchased for the use of my brother shall remain a part of the trust estate."

Frank Buckner chose not to live in the home on Blankenbaker Hill, and upon his request the trustee purchased a house in Florida for his use in accordance with the terms of the will. When repairs to this house became necessary, the trustee refused to pay for them and this action ensued. The Chancellor determined that the trust estate was not liable for the cost of ordinary repairs to the house in Florida.

On this appeal Buckner contends that, since the will provides he shall have the "free use" of a house, the Chancellor misinterpreted the will. However, by specifying only that the trustee pay the taxes and insurance it is apparent that the testatrix intended to exclude other maintenance expenses. Consequently, the Chancellor properly interpreted the will.

By paragraph 14(b) of the will Buckner receives $500 a month. It is urged that to burden him with costs of the repairs to the Florida house would defeat the testatrix's intention that he receive this monetary bequest in addition to the use of a house. The fact that Buckner may expend some of his money in repairing the house does not alter the fact that he is receiving all that the will gives him. The contention is unavailing.

Judgment affirmed.